## TALBOTT v. THE MERCHANT'S DESPATCH TRANSPORTATION CO.

1. **Conflict of Laws**: CONTRACT OF AFFREIGHTMENT: PLACE OF PERFORMANCE. A bill of lading, stipulating *inter alia* for exemption of the carrier from liability from losses by fire, was drawn in Hartford, Conn., where such exemption was lawful, and whence the merchandise was to be shipped to Des Moines, Iowa, in which state carriers were not permitted to limit their liability. The goods were transported to Chicago, Ill., where they were destroyed, without fault of the carrier. In an action against the latter by the consignee, it was *held*, that the contract was valid, and the plaintiff could not recover.

2. ———: ———: LOCAL LAWS. Where there is a conflict of applicatory laws, the parties are presumed to have made their agreement with reference to that statute which is most favorable to its validity and performance.

### *Appeal from Polk Circuit Court.*

THURSDAY, SEPTEMBER 23.

THIS action is brought to recover the value of four cases of boots, delivered by plaintiff's agents to defendant, a common carrier, at Hartford, Conn., to be transported by said defend-

ant to Des Moines, Iowa. The plaintiff alleges the acceptance of the goods, an agreement to carry, and the failure to deliver, and claims the value thereof—$220.38. The defendant, by answer, admits that it is a common carrier, the receipt of the goods and the failure to deliver, and avers, want .of knowledge as to value. The defendant also avers that by the express terms of said agreement, the goods were to be transported and delivered in Des Moines, in like order as they were received, damages from fire excepted; and that without any fault or negligence of said defendant, said cases of boots were, at Chicago, Illinois, destroyed by fire (in the great conflagration of October, 1871), while in transit from Hartford to Des Moines. The bill of lading containing the agreement was annexed as an exhibit to the answer, and it shows the receipt of the goods in good order and the marks thereon, and states that said four cases of boots are "to be forwarded in like good order (dangers of navigation, collision, and fire, and loss occasioned by mob, riot, insurrection or rebellion, and all dangers incident to railroad transportation excepted,) to depot only, he, or they, paying freight and charges for the same as below."

The plaintiff demurred to the answer because, 1. It does not allege that plaintiff has assented to the alleged agreement. 2. It does not show that the loss of said goods occurred through any exception mentioned. 3. The agreement stipulated for absolute exemption from liability, even though the loss occurs through the negligence of defendant, and is therefore against public policy, and void.

This demurrer was sustained, and, the defendants electing to stand upon the answer, judgment was rendered for plaintiff for the amount of the claim. The defendant appeals.

*Barcroft & Given*, for appellant.

The contract of affreightment, being entire and indivisible, and to be partly performed in the place where made, must as to its validity, nature, obligation, and interpretation, be governed by the *lex loci*. (*McDaniel v. The C. & N. W. R'y Co.*, 24 Iowa, 412; *Naylor v. Baltzell*, Taney's C. C., 61; *Pope v. Nickerson*, 3 Story, 484.) The written agreement signed by

defendants and delivered to plaintiff, without more, is sufficient evidence of assent to its terms. (*Mulligan v. Ill. Cen. R. Co.*, 36 Iowa, 181.)

*Gatch, Wright & Runnells*, for appellee.

A contract of affreightment is performed by delivery of the goods at the point of destination. (*Naylor v. Baltzell*, Taney C. C., 61; *Pope v. Nickerson*, 3 Story, 484; *Atlantic, etc., Co. v. Johnson*, 4 Rob., 474; *Cope v. Cordova*, 1 Rawle, 203.) The law of the place where a contract is to be performed must govern in determining its validity and effect. (*Andrews v. Pond*, 13 Pet., 77–8; *Hyatt v. Bank*, 8 Bush., 199.) By the law of Iowa, where this contract was to be performed, the contract of exemption relied on by defendant was illegal. (Code of 1873, Sec. 1308; *McDaniel v. C. & N. W. R'y*, 24 Iowa, 416.) Assent to the conditions of a contract cannot be inferred from silence, when those conditions are contrary to the law under which they are to be construed. (*R. R. Co. v. Mfg. Co.*, 16 Wal., 328; *Mich. Cen. R. R. Co. v. Hale*, 6 Mich., 257.) A contract must be construed most strongly against the beneficiary. (*Atwood v. Reliance Trans. Co.*, 9 Watts, 88.) The contract was a contract of insurance against all but specified risks, and the answer should show that the destruction was through one of those risks. (*Spence v. Chadwick*, 59 E. C. L., 526; *Atkinson v. Ritchie*, 10 East. (2 Am. ed.), 489.) Implications will not be indulged in. (Angell on Corp., 226a.)

COLE, J.—It is conceded by the respective counsel that the contract as shown by the bill of lading, containing exceptions from liability for loss by fire, was valid and binding in Connecticut. *Lawrence v. N. Y. P. B. R. R. Co.*, 36 Conn., 63; and in Illinois, *I. C. R. R. Co. v. Morrison*, 19 Ill., 24. And that, by Chap. 13, Laws of 11th G. A. of Iowa, it was enacted "that in the transportation of persons or property by any railroad or other company, or by any person or firm engaged in the business of transportation of persons or property, no contract, receipt, rule or regulation shall exempt such railroad or other

*Marginal note:* 1. CONFLICT OF LAWS: contract of affreightment: place of performance.

company, person or firm from the full liabilities of a common carrier, which in the absence of any contract, receipt, rule or regulation would exist with respect to such persons or property" (see Laws of 1866, p. 121), and that thereby the exceptions in the bill of lading in this case would be inoperative and void in Iowa. The main question, therefore, presented in this case is, whether the contract of affreightment shall be governed by the laws of Connecticut or of Iowa. Respecting the general rule that a contract valid where made is valid everywhere, and that where a contract specifies a place of performance it is to be interpreted by the law of that place, the counsel are also agreed. The question of difficulty in this case is in determining the place of the performance of the contract.

It was held by this court in *McDaniels v. The C. & N. W. R'y Co.*, 24 Iowa, 412, that a contract of affreightment made in Iowa for the transportation of cattle by railroad from Clinton, Iowa, to Chicago, Illinois, and for their delivery at the latter place, was to be determined by the laws of Iowa, for that the contract was made in Iowa, and was therein partly to be performed. Applying the rule of that case to this, it seems necessarily to follow, that since this contract was made in Connecticut and was there to be partly performed, its validity and effect should be determined by the law of that state. But, without determining that such a rule should be applied to its full extent to every contract or even to this, we here ground our decision of this cause upon the special facts of the case which show that the contract as made was valid in Connecticut, where the contract was made, and in Illinois, where the loss occurred. Whether a different rule would apply if the defendants had entered upon the performance of their contract in Iowa and the loss had there occurred, we need not determine.

Our conclusion in this case may be rested upon the general principle, that when there are several possible local laws applicable to the case, that law is to be applied which is most favorable to the contract; or, to state the same rule in other phraseology, when there is a conflict of

2. ——: ——:
local laws.

applicatory laws the parties are presumed to have made part of their agreement that law which is most favorable to its validity and performance. See Wharton on Conflict of Laws, Sec. 429, and authorities there cited. *Arnold v. Potter*, 22 Iowa, 194. The answer, by its admission of the execution of the agreement, by fair implication, if not necessarily, admits that it was accepted or assented to by the plaintiff. Such acceptance, without more, would bind him. See *Mulligan v. Ill. Cent. R. R. Co.*, 36 Iowa, 181.

A fair construction of the exception would exempt the defendant from liability from loss, without its negligence, by fire, although such fire did not result from collision. In other words, the exception relates to the loss either by collision or fire, and not alone from loss resulting from "collisions and fire." Our conclusion, therefore, is that the answer presents a sufficient defense and that the court erred in sustaining a demurrer thereto.

REVERSED.