LORENZO H. BROCKWAY *vs.* AMERICAN EXPRESS COMPANY.

Suffolk.    February 23, 1898. — May 19, 1898.

Present: FIELD, C. J., ALLEN, KNOWLTON, LATHROP, & BARKER, JJ.

*Carrier* — *Negligence in Transportation of Live Stock* — *Conflict of Laws*
— *Lex Loci Contractus.*

The general rule that contracts are to be governed as to their nature, validity, and interpretation by the law of the place where they are made, unless it clearly appears that the contracting parties had some other law in view, is applicable to contracts of common carriers for the transportation of merchandise.

At the trial of an action against an express company for negligence in the transportation of the plaintiff's horses from a point in the State of I., through several other States, to a point in this Commonwealth, there was evidence that the contract was made in the State of I., on a printed blank form in general use by the defendant, and in terms exempted the defendant from liability arising "from any fault, negligence, or carelessness, gross or otherwise, on the part of said company, its agents or servants." On the back of this contract was another one for the transportation of a custodian of the horses, containing a stipulation that "any question arising under this contract shall be determined by the law of the State of N.," in which State the alleged act of negligence occurred. *Held,* that these were separate contracts, and the stipulation of the second above quoted did not apply to the first, or indicate an intention that it should be governed by the law of N. ; that evidence of the validity under the law of the State of N. of the provisions of the first contract exempting the defendant from liability, was properly excluded ; and that the first contract was governed by the *lex loci contractus.*

CONTRACT, with a count in tort, for damages caused by the defendant's negligence in the transportation of the plaintiff's horses from Chicago to Boston, without giving them an opportunity for food, water, or rest.

After the former decision in this court, reported 168 Mass. 257, the case was tried in the Superior Court, before *Maynard,* J., who allowed a bill of exceptions, in substance as follows.

The defendant, which is a joint stock company, organized under the laws of the State of New York, by its agent in Chicago, made an agreement with the plaintiff's agent to transport the plaintiff's horses from Chicago to Boston. The face of the contract was as follows :

"Agreement made at Stock Yds, Chicago, the 22d day of

Dec., 1894, between the American Express Company, and D. W. Smalley, of Boston, Mass.

" Whereas, said D. W. Smalley has this day delivered to said Company, at Stock Yds, Chicago, Ill., the following animals, value agreed at $75.00 per head: 28 horses of which he declares himself to be the owner, consigned to D. W. Smalley, at Boston, Mass., % L. H. Brockway.

" Now it is agreed, that said Company undertakes as forwarders only, to forward said property to the nearest point of destination reached by said Company. It being understood that said Company relies upon the various railroad and steamboat lines of the country for its means of forwarding property delivered to it to be forwarded, it is agreed that it shall not be liable for any damage to said property caused by the detention of any train of cars, or of any steamboat upon which said property shall be placed for transportation, nor by the neglect or refusal of any railroad company or steamboat to receive and forward the same. . . .

" In consideration of the undertaking of said Company to forward said property as above mentioned, and of the reduced rate of compensation at which said property is to be so forwarded, said shipper agrees that said Company, its agents or any railroad or transportation company or carrier over whose lines the said property may pass, shall not under any circumstances nor for any cause be liable for any injury or damage to or loss of said property, whether or not the said injury, damage, or loss happen or arise from any fault, negligence, or carelessness, gross or otherwise, on the part of said Company, its agents or servants. It being the intent of this contract that said property shall be forwarded entirely at the owner's risk.

" D. W. Smalley, Shipper.    For American Express Co.,

" H. T. Manahan, Agent."

On the back of the paper was a contract which, after making elaborate provision to the end that attendants as well as owners should assume all risk of injury to person or property incident to the transportation of animals and attendants, from whatever cause arising, concluded as follows: " It is further agreed that any question arising under this contract shall be determined by the law of the State of New York."

In pursuance of the first contract, the horses were loaded in Chicago, about five o'clock in the afternoon of Saturday, December 22, 1894, and should have reached Boston in the forenoon of the following Monday; but owing to delay in making railroad connections at Buffalo, they did not reach Boston until late in the afternoon of that day. During the journey the horses were not unloaded, nor given any opportunity for food, water, or rest, and there was testimony for the plaintiff, which was contradicted by the defendant, that the defendant's agent refused the request of the man in charge of the horses to feed and water them at Buffalo.

The plaintiff introduced in evidence decisions of the Supreme Court of Illinois holding that by the law of that State an express company is a common carrier, and as such cannot by express contract exempt itself from liability resulting from gross negligence of itself, its agents, servants, or employees, nor limit its liability for damages therefor.

The defendant offered in evidence decisions of the courts of the State of New York to show that by the law of that State the defendant was not liable; but the judge excluded the evidence, and ruled that the contract was governed by the law of Illinois.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*W. C. Loring & R. W. Boyden,* for the defendant.

*A. N. Williams,* for the plaintiff.

KNOWLTON, J.    The only questions in this case are whether the ruling that the contract was governed by the law of Illinois, and not by the law of New York, was correct, and whether the evidence of the law of New York was rightly excluded. In the opinion given at the former hearing of this case (see 168 Mass. 257, 258) are these words: " The contract was made in Illinois, to be performed in part in that State and in part in other States. The rights of the parties to such a contract are to be determined by the *lex loci contractus. Fonseca* v. *Cunard Steamship Co.* 153 Mass. 553. *Fairchild* v. *Philadelphia, Wilmington, & Baltimore Railroad,* 148 Penn. St. 527. *Hazel* v. *Chicago, Milwaukee, & St. Paul Railway,* 82 Iowa, 477." The argument of the case at its present stage has not changed the view which we thus expressed.

The general rule that contracts are to be governed as to their nature, their validity, and their interpretation by the law of the place where they are made, unless it clearly appears that the contracting parties had some other law in view, is familiar. This rule is applicable to contracts of common carriers for the transportation of merchandise. *Dyke* v. *Erie Railway*, 45 N. Y. 113. *Fairchild* v. *Philadelphia, Wilmington, & Baltimore Railroad*, 148 Penn. St. 527. *Hazel* v. *Chicago, Milwaukee, & St. Paul Railway*, 82 Iowa, 477. *Palmer* v. *Atchison, Topeka, & Santa Fé Railroad*, 101 Cal. 187. It is contended that the facts that the defendant is a joint stock company, organized under the laws of New York, that the horses were to be carried through the State of New York as well as through a part of Illinois and through other States, and that the evidence offered would prove that one of the provisions of the contract which was invalid under the laws of Illinois would be valid under the law of New York, show an intention of the parties that the contract should be governed by the law of New York. We cannot accept this view. The contract was made upon a blank, which presumably was in general use by the defendant in the different States where it was conducting its business. The provisions relied upon by the defendant are in the printed part of the contract. Such contracts, made by parties similarly situated, have been considered by courts of high authority in this country, and they are held to be governed by the law of the place where they were made. *Liverpool & Great Western Steam Co.* v. *Phenix Ins. Co.* 129 U. S. 397. *McDaniel* v. *Chicago & Northwestern Railway*, 24 Iowa, 412. *Grand* v. *Livingston*, 4 App. Div. (N. Y.) 589. *Illinois Central Railroad* v. *Beebe*, 69 Ill. App. 363. *The Iowa*, 50 Fed. Rep. 561. *The Brantford City*, 29 Fed. Rep. 373. The decision in *In re Missouri Steamship Co.* 42 Ch. D. 321, is contrary to the weight of authority, and in our opinion it is not so well supported by principle as is the doctrine presented in the cases cited above.

Thus far we have considered the case in reference to the contract for the transportation of the horses, which appears on the face of the paper. On the back of the paper is a contract for the transportation of a person to accompany and take charge of the horses. This contract contains elaborate provisions, the last of which is in these words : " It is further agreed that any ques-

tion arising under this contract shall be determined by the law of the State of New York." It is contended that this provision should be held to apply also to the agreement for the transportation of the horses; but we think it is clear that the paper contains two separate contracts which cover different subjects, although the one on the back of the paper has some relation to that on the face of it. This provision is not a part of the contract on which the plaintiff's action is founded. In *Grand v. Livingston, ubi supra,* where the contracts on the face and on the back of the paper are respectively almost identical with those in the case at bar, it was held that this provision was not a part of the contract for the transportation of the animals.

It is argued that, even if it is not a part of the contract on the face of the paper, it indicates an intention that that contract should be governed by the law of New York, and it is said that this intention should be given effect to set .aside the *lex loci contractus.* But we are not of that opinion. Such a contention was expressly overruled in the case last referred to. We are of opinion that this stipulation cannot be given effect to change the rights of the parties in the present suit.

*Exceptions overruled.*