JOSEPH BARBER, *Appellant,* v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellee.*

No. 17,877.

SYLLABUS BY THE COURT.

COMMON CARRIER—*Personal Injuries—Contract—Notice of Injury.* A contract for the shipment of cattle provided for transportation for the caretaker in charge of them. The contract was signed after the cattle were loaded and by the time it was signed the train was in motion. The conductor refused to stop the train and the caretaker was injured while trying to get aboard the caboose. *Held,* the contract, which required notice of injury to person or property as a condition precedent to an action for damages, was operative at the time of the injury.

Barber v. Railway Co.

Appeal from Brown district court. Opinion filed January 6, 1912. Affirmed.

*J. L. Berry,* and *B. F. Hudson,* for the appellant.
*M. A. Low,* and *Paul E. Walker,* for the appellee.

The opinion of the court was delivered by

BURCH, J.: The plaintiff loaded a car with cattle at Pierce Junction for shipment by the defendant, and the car was placed in a train consisting of sixty or more freight cars and a caboose. The plaintiff went into the station house to procure his shipping contract, which included transportation for himself as a caretaker of the cattle, and about the time he came out with the necessary paper the conductor caused the train to be put in motion. The caboose was approaching the plaintiff, but was quite a distance away. The conductor declined to stop the train, and directed the plaintiff to mount one of the freight cars and go to the caboose over the tops of the cars. The plaintiff prudently declined to do this, and walked to a platform in the direction of the rear of the train, and there awaited the arrival of the caboose. The train was moving slowly, and the plaintiff was an old shipper, experienced in boarding moving cars, but as he attempted to take the forward platform of the caboose · his foot missed the lower step, was caught in the angle formed by a tie and the bottom of the rail, and his ankle was badly wrenched and sprained. He succeeded in drawing himself upon the platform, but his injuries subsequently disabled him for a long time.

The contract referred to provided that the shipper should assume all risk and expense of caring for the cattle while in cars or elsewhere. To enable him to meet this risk, the contract provided for the transportation of the person in charge of the live stock and contained provisions relating to the rights and conduct of such person. On the back of the contract was indorsed

a release of liability by the owner or person in charge of the stock for damages suffered "while in charge of said live stock or on our return passage." The contract also made notice in writing of a claim for damages for injury to person or property a condition precedent to an action for damages, such notice to be given to some one of several specified agents of the company, not later than ninety days after the injury complained of. This notice was not given, and about a year after the accident the plaintiff brought suit against the defendant for damages caused by the refusal of the defendant to stop the train so that the plaintiff could get aboard. Judgment was rendered for the defendant, and the plaintiff appeals.

While the suit was not brought on the contract, the plaintiff admitted its execution and acceptance, and concedes that if it governed the relations of the parties he lost his right to recover by failing to give the required notice. He points particularly, however, to the language of the indorsement on the contract quoted above, and argues that he was not in charge of his cattle, and consequently that the contract was not operative until he was aboard the train.

Ample time was afforded the plaintiff to enter the caboose while it was standing still if he had desired transportation in any capacity other than that of caretaker of his cattle. Consequently his only right to call upon the conductor to stop the train after it had started was conferred upon him by the contract. Unless the contract were in force, no cause of action existed. If the contract were in force, notice was a prerequisite to recovery. Besides this, the plaintiff was in charge of his cattle from the time the contract was signed. If the train had not moved for several hours, and if in that time the cattle had needed attention, the plaintiff would have had the right, by virtue of the contract, to use the defendant's yards and

grounds for the purpose of caring for them, and would have been entitled to the protection and consideration of one in charge of stock undergoing transportation.

The judgment of the district court is affirmed.