No. 19,374.

FRANK KOSTER, *Appellant,* V. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

CONTRACT—*Transportation of Live Stock—Limitation of Actions for Personal Injuries.* A provision in a contract for the transportation of live stock by railroad, limiting the time within which actions may be brought for damages arising out of such shipment "or any contract pertaining to the same," applies to an action based on injuries to the person of the shipper while riding in the caboose under a pass endorsed on the back of such contract and issued as a part of its consideration.

Appeal from Ottawa district court; DALLAS GROVER, judge. Opinion filed April 10, 1915. Affirmed.

*E. C. Sweet,* and *F. D. Boyce,* both of Minneapolis, for the appellant.

*William R. Smith, Owen J. Wood,* and *Alfred A. Scott,* all of Topeka, for the appellee.

The opinion of the court was delivered by

MASON, J.: Frank Koster sued the Atchison, Topeka & Santa Fe Railway Company on account of injuries received while riding in the caboose of a train on which he was shipping live stock. The petition was filed more than six months after the injury occurred,

and judgment was rendered for the defendant on the ground that the shipping contract required such an action to be brought within that time, if at all. The shipment was interstate, and no doubt of the validity of the contract is suggested, the sole controversy relating to its interpretation. It is in the usual printed form. On one side of the paper is an elaborate agreement under the headline "Rules and Regulations for the Transportation of Live Stock," relating chiefly to that subject, signed by the shipper and the company's agent. On the other side is printed a pass for the shipper, and a further agreement, signed by him, referring mainly to his conduct during the trip. The precise question involved is whether the following clause in the main contract applies to the present action:

"No suit or action against the Company for the recovery of any damages accruing or arising out of said shipment or of any contract pertaining to the same, or the furnishing of facilities for such shipment, shall be sustained in any court of law or equity unless such suit or action shall be commenced within six months next after the loss or damage shall have occurred."

Clearly this action is in a literal sense one for damages arising out of a contract pertaining to the shipment of the live stock. It is for damages that arise out of the contract to carry the shipper on the same train with the live stock, and this contract pertains to the shipment. But the plaintiff contends that the provision quoted, since it occurs in a part of the contract having to do wholly with the shipment of the live stock, must be interpreted as having reference solely to that subject. On its face the instrument provides that to sustain a recovery for injuries to the stock a claim therefor must be presented within ninety-one days. On its back it requires a thirty-day notice of an injury to the shipper. Actions such as the present one were therefore obviously in the mind of the draftsman, and we think the language selected must be held

to be broad enough to cover actions for injuries to the person of the shipper as well as for those to his property.

It has been held that a contract for the transportation of animals, and one for carrying a person in charge of them, although written on the same paper, if required to be separately signed are separate contracts, and a clause in one referring to "this contract" is not regarded as applying to the other. (*Brockway v. American Express Co.,* 171 Mass. 158, 50 N. E. 626.) But the provision in question relates not merely to damages arising out of the contract of shipment, but to those arising out of any contract pertaining thereto.

The judgment is affirmed.