No. 21,548.

P. B. ACHEN, *Appellant*, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*.

SYLLABUS BY THE COURT.

1. SHIPPING CONTRACT—*Personal Injuries—Limitation of Action.* Under the terms of a livestock contract with the railway company, the plaintiff shipped a load of cattle, traveling with his shipment as caretaker, without charge other than that paid for the transportation of the cattle, and while on the journey he sustained injuries through the negligent operation of the defendant's train. A provision of the contract was that no action should be maintained by him against the defendant for the recovery of any damage accruing or arising out of the contract of shipment unless it was brought within six months after the occurrence of the loss or damage. In an action brought under the contract more than six months after the injury, to recover the damages sustained by him, it is held that the stipulation is valid and enforceable and that it applies to actions to recover for injuries to the shipper as well as actions to recover for injury to the stock shipped.

2. SAME—*Contract Partly Valid, Partly Invalid.* The fact that there was included in the contract a nonenforceable provision releasing the defendant from its own negligence did not destroy the entire contract nor invalidate a provision relating to the time within which actions must be brought upon the contract.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed November 9, 1918. Affirmed.

*G. W. Sawyer*, of Liberal, *F. L. Martin, Van M. Martin*, and *John M. Martin*, all of Hutchinson, for the appellant.

*William R. Smith, Owen J. Wood*, and *Alfred A. Scott*, all of Topeka, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was an action by P. B. Achen to recover for injuries sustained by him while riding in the caboose of a stock train of the defendant upon a journey from Elkhart, Kan., to Kansas City, Mo.

It is alleged by plaintiff that through the negligent handling of the train, he was thrown from a seat in such a way as to severely injure him. It appears that he was a dealer in cattle and was traveling upon the train on which the cattle were

shipped, as a caretaker. The shipment was made under an ordinary livestock contract, which permitted him to accompany and care for the stock without other charge than the cost of transportation under the contract. Among other things, the contract provided that "no suit or action against the company for the recovery of any damages accruing or arising out of said shipment or of any contract pertaining to the same . . . shall be sustained in any court of law or equity unless such suit shall be commenced within six months next after the loss or damage shall have occurred," etc.

The damage occurred on November 3, 1914, while the action was not brought until March 24, 1916. Among the defenses pleaded by the defendant was a stipulated release from liability for injury or damage while riding upon what is termed free transportation. Another defense was the failure of the plaintiff to bring his action within six months after the injury and loss. In his reply plaintiff alleged as an excuse for the delay in bringing the action that negotiations had been conducted between him and the defendant which had not been terminated at the end of the six-months period, and further that the defendant had obtained possession of the shipping contract and had refused to surrender it, and that thereby the defendant had waived the provision as to the time within which a suit must be brought. The court sustained a' motion of defendant asking for judgment on the pleadings.

Complaint is made by the' plaintiff of a preliminary ruling refusing to strike out the defense based on the stipulation releasing the defendant from liability for any personal injury that he might sustain. He contends and cites authorities to show that on the journey he should be regarded as a passenger for hire, and that a provision releasing the carrier from liability for its negligence is invalid. The contentions of the plaintiff in this respect may all be granted, and still it would not overthrow the judgment that was rendered. The other defense, that the action was not brought within the stipulated time, appears to be conclusive, and the ruling refusing to strike the first defense mentioned, however erroneous, is no longer material.

Stipulations limiting the time within which actions may be brought to recover damages under a shipping contract are

valid. (*Watt v. Railway. Co.*, 90 Kan. 466, 135 Pac. 600.) It has been repeatedly held, not only that such a stipulation is reasonable and valid, but it has also been held to apply to actions for injuries of a shipper traveling upon the shipping contract in charge of cattle, as well as to actions for injuries to the cattle shipped. (*Koster v. Railway Co.*, 95 Kan. 109, 147 Pac. 798; *Enright v. Railway Co.*, 96 Kan. 546, 152 Pac. 629). The fact that the provision of the contract regarding the stipulation that the defendant should be released from liability for its own negligence is void, does not destroy the entire contract nor invalidate the limitation within which the action for damages must be commenced. The contract is a divisible one, and its valid provisions are enforceable. (*Miller v. Railway Co.*, 97 Kan. 782, 156 Pac. 780.) Plaintiff set up a claim of waiver of limitation by the defendant, but it has been decided that stipulations of this kind may not be waived by a carrier. (*Easdale v. Railway Co.*, 100 Kan. 305, 164 Pac. 164.) The same rule has been applied as to a stipulation requiring written notice of a claim for damages under a shipping contract. (*Avell v. Railway Co.*, 100 Kan. 238, 164 Pac. 269.) The supreme court of the United States has held in a number of decisions that it is not permissible to allow a carrier to plead a limitation against one shipper and waive it as against others, or to give any preference through the waiver of defenses. One of these is *Phillips v. Grand Trunk Ry.*, 236 U. S. 662.

The plaintiff has not overlooked the authorities cited, but he contends that a distinction should be made between a case brought for an injury to livestock and one for injury to the shipper. It may be conceded that plaintiff was not a free, but a paying, passenger, and that the rate charged for the shipment was intended to include the fare of the plaintiff. He was carried under the shipping contract, and his presence on the train as a caretaker, as well as his fare, were important parts of the contract. Having availed himself of the benefits of the contract to ride on the train, he cannot well avoid compliance with valid conditions in it requiring the bringing of actions for injuries within a prescribed and reasonable time. No room is found for the distinction which plaintiff would make, but on the contrary it has been determined, as we have seen, that the limitation applies alike to all actions brought in pursuance of

the contract. (*Barber v. Railway Co.*, 86 Kan. 277, 120 Pac. 359; *Koster v. Railway Co.*, supra; *Enright v. Railway Co.*, supra).

The judgment is affirmed.