CASE 79—PETITION ORDINARY—SEPTEMBER 24.

| 98 | 503 |
|----|-----|
| 100 | 527 |
| 100 | 605 |
| 98 | 503 |
| 108 | 577 |

Ohio & Mississippi Railway Co. v. Tabor.

APPEAL FROM HARDIN CIRCUIT COURT.

1. CARRIERS—VENUE OF ACTION.—The Hardin Circuit Court had ju-
risdiction of the action against appellant railway company to re-
cover damages for injury to cattle while being transported over
its road under contract made in Hardin county with a connect-
ing line, service of process being had upon appellant's agent or
chief officer in Jefferson county.

2. EVIDENCE—PREJUDICIAL ERROR.—Even if it be conceded that
plaintiff should not have been allowed to state or read the report
of what the cattle sold for at their destination, yet, as the same
facts were testified to by a witness who knew them of his own
knowledge, and no attempt was made to disprove them, the de-
fendant was not prejudiced by the admission of the incompetent
testimony.

3. CARRIER NOT PERMITTED TO CONTRACT FOR RELIEF FROM COMMON-
LAW LIABILITY.—A provision in the contract of shipment that
there should be no recovery for any injury to the cattle, unless
written notice of the injury or claim for damages should be given
to defendant before the cattle were unloaded or mixed with other
cattle, was void, because in conflict with section 196 of the State
Constitution, which provides that no common carrier shall be
permitted to contract for relief from its common-law liability.
And the same is true of an agreement in the contract that the
cattle were not worth over $30 each.

4. SAME.—Such contracts made in this State, being void here, are
void everywhere.

5. SAME—INTERSTATE COMMERCE.—Section 196 of the State Consti-
tution is not in conflict with the interstate commerce clause of

the Federal Constitution, as 'it is in no sense an attempt to regu-, late interstate commerce.

6. FAILURE OF CARRIER TO PROVIDE SUITABLE CARS FOR SHIPMENT OF LIVE STOCK.—While the common law as to the transportation of live stock is not the same in all respects as in regard to other articles, yet the carrier is bound to furnish a safe and suitable car, and no special contract can exonerate the carrier from liability for damage caused by the failure to so provide.

7. SAME—BURDEN OF PROOF.—As the floor of the car in which plaintiff's cattle were shipped was broken when it reached its destination, the burden was on the carrier to show that the injury to the cattle was not caused by this defect, the break in the floor being such as would reasonably cause the injury.

W. H. MARRIOTT AND CHAS. H. GIBSON FOR APPELLANT.

Brief withdrawn.

WALKER D. HINES ON SAME SIDE IN PETITION FOR REHEARING.

1. Section 196 of the Kentucky Constitution, has no reference to interstate transportation. (Case of the State Freight Tax, 15 Wall,. 232; Gloucester Ferry Co. v. Pennsylvania, 114 U. S., 196; U. S. v. E. C. Knight Co., 156 U. S., 1; Gibbons v. Ogden, 9 Wheat., 1; Welton v. State of Missouri, 91 U. S., 275; County of Mobile v. Kimball, 102 U. S., 691; Wabash, &c., Ry. Co. v. Illinois, 118 U. S., 557; Debates Constitutional Convention, 1890, vol. 3, p. 3762; Moore et. al. v. Am. Transp'n Co., 24 How., 1; The Lottawanna, 21 Wall., 581; Lord v. Steamship Cc., 102 U. S., 541; Providence & N. Y. S. S. Co. v. Hill Mfg. Co., 109 U. S., 578; Kentucky Constitution, sec. 196; Cooley v. Board of Wardens, 12 How., 299; Hall v. Decuir, 95 U. S., 485; W. U. Telegraph Co. v. Pendleton, 122 U. S., 347; McCann, et. al., v. Eddy, et. al., 27 S. W. Rep., 541 (Missouri); Hart v. C. & N. W. R. Co., 69 Iowa, 485; Gatton v. Railway Co., 63 N. W. Rep., 589 (Iowa.)

2. Even as to transportation wholly within Kentucky, it does not prohibit a fair agreement as to value of the property transported whereon the rate of freight' is based. (Hart v. Pennsylvania Railroad Co., 112 U. S., 331; Graves v. L. S., &c., R. Co., 137 Mass., 33; S. & N. Ala. R. Co. v. Henlein, 52 Ala., 606; L. & N. R. Co. v. Oden, 80 Ala., 38; L. & N. R. Co. v. Sherrod, 84 Ala., 178; Western Railway Co. v. Harwell, 91 Ala., 340; Railway Co. v. Lessor, 46 Ark., 236; St. L. &c., Ry. Co. v. Weakly, 50 Ark., 397; Coupland v. H. R. Co., 61 Conn., 531; Rosenfield v. Peoria R. Co., 103 Ind., 121; Pac. Exp. Co. v. Foley, 26 Pac. Rep.,

Ohio & Mississippi Railway Co. v. Tabor.

665 (Kansas); Hill v. Boston, &c., R. Co., 144 Mass., 248; Moulton v. St. Paul, &c., Ry. Co., 31 Minn., 85; Alair v. Nor. Pac. Ry. Co., 54 N. W. Rep., 1072 (Minnesota); Harvey v. T. H. & I. R. Co., 74 Mo., 538; McFadden v. Mo. Pac. Ry. Co., 92 Mo., 343; Duntley v. Boston & M. R. Co., 20 Atl. Rep., 327 (New Hampshire); Durgin v. American Exp. Co., 20 Atl. Rep., 328 (New Hampshire); Ballou v. Earle, *et. al.*, 22 Atl. Rep., 1113 (Rhode Island); Johnstone v. R. & D. R. Co., 17 S. E. Rep., 512 (South Carolina); L. & N. R. Co. v. Wynn, 88 Tenn., 320; Same v. Sowell. 90 Tenn., 17; R. & D. R. Co. v. Payne, 86 Va., 481; Zouch v. C. & O. Ry. Co., 36 W. Va., 524; Boorman v. Am. Exp. Co., 21 Wis., 152; Black v. Goodrich Transp. Co., 55 Wis., 319; Abrams v. M. L. S. & W. Ry. Co., 58 N. W. Rep., 780 (Wisconsin); Oppenheimer v U. S. Exp. Co., 69 Ill., 62; Railway Co. v. Chapman, 133 Ill., 96; Brehme v. Adams Exp. Co., 25 Md., 328; Zimmer v. Railroad Co., 33 N. E. Rep., 642 (New York); Railway Co. v. Maddox, 75 Texas, 300; Southern Exp. v. Moon, 39 Miss., 822; Railroad Co. v. Abels, 60 Miss., 1017; Southern Exp. Co. v. Seide, 7 Sou. Rep., 547 (Mississippi); Overland Mail & Exp. Co. v. Carroll, 7 Colo., 43; Railroad Co. v. Witty, 32 Neb., 275; U. S. Exp. Co. v. Backman, 28 Ohio St., 144; Railway Co. v. Shoat, 20 S. E. Rep., 219 (Georgia); Grogan v. Adams Exp. Co., 114 Pa. St., 533; Railroad Co. v. Weiller, 19 Atl. Rep., 702 (Pennsylvania); Orndoff & Co. v. Adams Exp. Co., 3 Bush, 194; L. & N. R. Co. v. Owen, etc., 93 Ky., 201; Baughman, etc., v. Louisville, etc. R. Co., 94 Ky., 150; Baughman v. Louisville, etc. R. Co., (Superior Court) 14 Ky. Law Rep., 268; Eells v. Railway Co., (Kelly, intervenor) 52 Fed. Rep., 903.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted from a judgment of the Hardin Circuit Court rendered in the suit of the appellee against the appellant.

It appears that the appellee contracted with the Newport News and Mississippi Valley Railroad Company, to transport one car load of cattle from Cecilia, Ky., to Cincinnati, Ohio, which company had no line of road to Cincinnati, but under authority from the appellants to contract for the carrying of the cattle over appellees' lines; at least such is the contention of appellee.

It further appears that after the cattle were placed in appellant's charge and while being transported to Cincinnati

one of them was killed and others injured in the sum of two hundred dollars, for which said suit was instituted in the Hardin Circuit Court, and a trial resulted in a verdict in plaintiff's favor for one hundred and thirty-five dollars.

Appellant's motion in arrest of judgment and also for a new trial having been overruled it prosecutes this appeal. A number of grounds for reversal are insisted upon, some of which need not be noticed in detail.

We are of opinion that the Hardin Circuit Court had jurisdiction of the cause of action, the contract having been made in that county and service had upon appellant's agent or chief officer in Jefferson county. The slight mistake in the true name of appellant is not sufficient to invalidate the service.

We do not think that any error prejudicial to the substantial rights of the appellant was made in the admission of testimony.

If it be conceded that appellee should not have been allowed to state or read the report of what the cattle sold for in Cincinnati, yet the same facts were testified to by Bethel, who knew the facts of his own knowledge, and no attempt was made to dispute the same, hence the testimony of **Tabor** did not prejudice the substantial rights of the appellant.

The instructions given contain the law of the case and those refused were properly refused.

It appears that a written contract was signed by appellee and the agent aforesaid, which, among other things, provided that written notice of any injury to the cattle or claim for damages should be given to appellant before the cattle were unloaded or mixed with other cattle, otherwise, appellee should not be entitled to recover for any injury or damage. Also that it was agreed in said contract that the cattle were not worth over thirty dollars each.

No written notice was given, nor was appellee held on the trial to the valuation mentioned, and of this appellant complains, and insists that appellee could not recover anything, no notice having been given. Appellee admits the signing of the contract, but says he did not read it, and pleads that the stipulations therein are in violation of section 196 of the constitution of this State, which provides that no common carrier shall be permitted to contract for relief from its common law liability.

It seems to us that the provisions quoted are in violation of the section, *supra.* We do not agree with counsel for appellant that the section quoted is void because it conflicts with the interstate commerce clause of the Federal Constitution. It is in no sense an attempt to regulate interstate commerce, but simply determines what may or may not be a valid contract in this State. Hart v. Chicago, &c., Ry. Co., 69 Iowa, 485.

It is true that the common law as to the transportation of live stock is not the same in all respects as in regard to other articles, yet the carrier is bound to furnish a suitable and safe car, and no special contract can exonerate the carrier from liability for damages caused by the failure to so provide. (Rhodes v. L. & N. R. Co., 9 Bush, 690.)

The proof conduces to show that the injury complained of was the result of the floor of the car breaking. Certain it is that when the car reached Cincinnati there was a large break in the floor of the car containing the cattle. Public policy as well as the weight of authority requires that the carrier in such cases must show that the injury was not caused by the breakage, else they will be liable for such injuries or damage as may accrue to the stock, when it appears that such breakage would reasonably cause the injuries or damage shown to have occurred.

The proof in this cause was sufficient to authorize the verdict.

Judgment affirmed with damages.

June 6, 1896, Judge Guffy delivered the following supplemental opinion of the court:

We have considered the very earnest and able petition of appellant for a rehearing in this case and its brief in support of same, but we fail to see that the former opinion delivered herein is in any respect erroneous.

The contract relied on by appellant, if enforced, would practically relieve it from all the responsibility of a common carrier. The notice required to be given as a condition precedent to appellee's right to sue or recover, if enforced, would clearly limit the liability of appellant for injury to the cattle to a much shorter time than the common law allows, and would, if enforced, relieve appellant from all liability in this case, however gross or negligent appellant might have been; and, this being true, the stipulation is void because prohibited by section 196 of the Constitution, and this case illustrates the propriety and justice of the provision *supra*.

The cattle were injured in the car, one being dead and the others injured, and the bottom of the car broken, thus making it important to unload and dispose of the cattle as soon as possible; and it was the privilege, if not the bounden duty, of appellant's agents or servants to see to the unloading of the cattle, and it is fair to conclude that the agents did see to the unloading, and were, therefore, well aware of the damage sustained. And it further appears that the shipper was not in fact aware of any such provision being in the bills of affreightment; and, besides, it nowhere appears that appellant was in any way injured or any advantage taken of it by appellee's failure to give the notice.

The case of Gulf, C. & S. F. R. Co. v. Gann, 8 Texas Civil Appeals, 620, was a case where the shipper had signed or accepted a bill with a condition requiring notice of damage before suit should be brought, but a Texas statute provided in substance that such agreement should be invalid, and the court sustained the validity of the statute and allowed the shipper to recover, notwithstanding he had failed to give the stipulated notice.

In Galveston, H. & S. A. Ry. Co. v. Johnson, 29 S. W. Rep., 428, decided by the same court January 23, 1895, substantially the same question was raised and decided adversely to the contention of appellant. The shipment was made from Texas to another State. The opinion of the court was delivered by James, C. J. We quote as follows: "The first assignment presents the action of the court sustaining plaintiff's (appellee's) exception to that part of the answer which set up that plaintiff was barred of his action by reason of a clause in the contract of shipment providing that suit should be commenced within forty days after the damage occurred or such lapse of time should be conclusive against the validity of the claim. The pleadings showed an interstate shipment of live stock, and the position that appellant takes in making this defense is that our statute of March 4, 1891, prohibiting the making of a stipulated contract or agreement by which the time is limited to a shorter period than two years, has no application to such contracts. The provision plainly does not in any manner attempt to regulate commerce. It imposes no burden or restraint on trade or transportation, but does that which every State has power to do, namely, to provide and regulate the remedy within its jurisdiction when a cause of action arises. It would not be contended that its statute of limitation, prescribing a period of time within which suits may be brought,

does not apply to actions growing out of a transaction of interstate commerce as well as to others.    It must follow from this that the State may make such statutes absolute; that is to say, not subject to be varied by a contract.' The provision above referred to is within the scope of such powers, and it applies to actions growing out of a contract of interstate character.    Railway Co. v. Dwyer, 75 Tex., 572, 12 S. W., 1001; Railway Co. v. Eddins (Tex. Civ. App.), 26 S. W., 161."

In Armstrong, &c. v. Galveston, H. & S. A. Ry. Co., 29 S. W. Rep., 1117, decided February 27, 1895, the same question was presented and decided in the same way.    See also Mo., Pac. R. Co. v. Vandeventer, 26 Neb., 222.

If a mere statute of a State can render null and void such contracts, surely a constitutional provision can do the same.

In the case of L., C. & L. R. Co. v. Hedger, 9 Bush., 645, it was held that if live stock should be lost or injured while in the custody and care of the company or its agents for transportation, this should be *prima facie* evidence of negligence, and the burden of proof is on the carrier to rebut this presumption.    It was also held that a carrier can not release himself by contract for ordinary negligence.

Former decisions by this court, quoted by appellant to sustain its contention, have no application to this case because they were rendered before the adoption of the present Constitution.

The case of McDaniel v. Chicago, &c., R. Co., 24 Iowa, 416, was an action against the railroad to recover for injury to cattle shipped from Clinton, Iowa, to branch station, Chicago, Ill.    The contract of shipment contained a provision exempting the company from any liability over $100 on horse or valuable live stock, except by special agreement. The damage claimed was over $100.    We quote as follows

from the opinion in that case: "By chapter 113 of the laws of the eleventh General Assembly it is enacted 'that in the transportation of persons or property by any railroad or other company, or by any person or firm engaged in the business of transportation of persons or property, no contract, receipt, rule or regulation shall exempt such railroad or other company, person or firm from the full liabilities of a common carrier, which, in the absence of any contract, receipt rule or regulation, would exist with respect to such persons or property.' Laws of 1866, 121. No question is made but that under the operation of this statute the special contract in this case would be void, so that the rights and liabilities of the parties would be measured by the common law as applicable to common carriers.

"But it is claimed by appellant's counsel that the contract, though made in Iowa, was to be, by its terms, wholly performed in Illinois; and that the law of the place where the contract is to be performed must govern in determining its validity and effect. The general rule is that, in conformity to the presumed intention of the parties, the contract as to its validity, nature, obligation and interpretation, is to be governed by the law of the place of performance. Story's Conflict of Laws, section 280. But it is also a general rule that if the contract is void or illegal by the law of the place where it is made, it is held void and illegal everywhere.     Story's Conflict of Laws, section 243, and authorities cited.

"In this case, however, it is unnecessary to rest the decision upon any general rule, for by the express terms, as well as by the necessary implication, of the contract, it was to be partly performed in Iowa. The cattle were received in Clinton, Iowa, 'to be delivered at Chicago, Ill.; to do this it was necessary to transport them some distance, more or

less in Iowa, before they could reach Illinois. The contract being entire and indivisible, made in Iowa and to be partly performed here, it must, as to its validity, nature, obligation and interpretation, be governed by our law. And by our law, so far as it seeks to change the common law, it is wholly nugatory and inoperative. The rights of the parties, then, are to be determined under the common law, the same as if no such contract had been made."

The foregoing opinion was quoted with approval by the Supreme Court of the United States in Liverpool and Great Western Steam Co. v. Phoenix Ins. Co., 129 U. S. Rep., 457, in the following language: "In McDaniel v. Chicago & Northwestern Ry., 24 Iowa, 412, 417, cattle transported by a railroad company from a place in Iowa to a place in Illinois under a special contract made in Iowa, containing a stipulation that the company should be exempt from liability for any damage unless resulting from collision or derailing of trains, were injured in Illinois by the negligence of the company's servants; and the Supreme Court of Iowa, Chief Justice Dillon presiding, held the case to be governed by the law of Iowa, which permitted no common carrier to exempt himself from the liability which would exist in the absence of the contract. The court said: 'The contract being entire and indivisible, made in Iowa, and to be partly performed here, it must, as to its validity, nature, obligation and interpretation, be governed by our law. And by our law, so far as it seeks to change the common law, it is wholly nugatory and inoperative. The rights of the parties, then, are to be determined under the common law, the same as if no such contract had been made.' "

The case of Hart v. Chicago, &c., R. Co., 69 Iowa, 485, was a suit to recover damages for injury to horses shipped from Des Moines, Iowa, to the town of Miller, in

Dakota Territory.    The contract provided, in substance, that the defendant should not be liable for more than $100 damages to each horse.   Section 1308 of the Code of Iowa provides that no contract, receipt, rule or regulation shall exempt any corporation engaged in transporting persons or property by railway from liability of a common carrier or carrier of passengers, which would exist had no contract, receipt, rule or regulation been made or entered into.   We quote the third and final paragraph of the decision in the above-named case:

"The evidence tended to prove that two of the horses were worth $150 each, and that two others were worth $125 each, and that the others were worth $100 each.   Defendant asked the circuit court to instruct the jury that, under the contract, defendant's liability for the horses could not exceed $100 per head.   The court refused to give this instruction; and ruled that, if plaintiff was entitled to recover, the jury should award him the full value of the property. Whether a common carrier, in the absence of any statute restricting his powers in that respect, can, by rule, regulation or contract, limit his liability for the property received by him for carriage, has been the subject of much discussion, and there is great conflict in the decisions of the courts on the question.   We have no occasion, however, in this case, to enter into that question.   No one would question that, in the absence of a contract limiting the amount of this liability, the shipper would be entitled, in case of the destruction or injury of the property under such circumstances as that the carrier was liable for the loss, to recover full compensation for injuries sustained.   The statute quoted above prohibits the making of any contract that would exempt him from the liability of a common carrier, which would exist if no contract, rule or regulation existed.   If the statute

is applicable to a contract in which the undertaking is to transport the property from this State into another State or Territory of the United States, it can not be doubted, we think, that the provision of the contract in question, by which it was sought to limit the liability of defendant for the horses to an amount less than the actual value of the property, is repugnant to its provisions and, consequently, invalid.

"It is contended, however, that the State has no power to place a restriction of that character upon the carrier who contracts for the transportation of property from this State into another State or Territory. The position is that the restriction, if applicable to a contract of this character, would be a regulation of commerce among the States—a subject which, under the Federal Constitution, is within the exclusive jurisdiction of the Congress of the United States. In our opinion, however, this position can not be maintained. The provision is in no just and legal sense a regulation of commerce. It prescribes no regulation for the transportation of freight upon any of the channels of communication. It leaves the parties free to make such contracts as they may choose to make with reference to the compensation which shall be paid for the services to be rendered. The carrier is left free to demand such compensation for the carriage of the property as is just, considering the responsibility he assumes when he receives it. He is forbidden to make any contract that would exempt him from any of the liabilities which arise by implication from his undertaking to carry the property. But no burden is placed upon the property which is the subject of the contract; nor is any rule prescribed for his government respecting it. That it is within the power of the State to prescribe such a limitation upon his power to contract, we have no doubt. The statute was enacted by the State in the exercise

of the police power with which it is vested, and it is applicable to all contracts entered into within its jurisdiction. The question involved is not different in principle from that decided by the Supreme Court of the United States in what are known as the Granger Cases. See Munn v. Illinois, 94 U. S., 113; Chicago, B. & Q. Ry. Co. v. Iowa, *Id.*, 155; Peik v. Chicago & N. W. Ry. Co., *Id.*, 164."

It seems clear to us that the contract relied upon by appellant is in violation of section 196 of the Constitution, and, therefore, void where the contract was made, and, being void in this State, it is void everywhere. (Story's Conflict of Laws, section 243; 7 Lawson's Rights, Remedies and Practice, section 3873.)

Section 196, *supra*, is in no sense an attempt to regulate or interfere with interstate commerce. It does not seek to impose any condition on commerce, nor to regulate freight charges, rate of speed, nor kind of cars, nor change or define the duties or responsibilities of common carriers, but is merely the exercise of the undoubted right of the State to determine what shall be a valid contract and to control the remedy in her own courts. (Owen & McKinney v. L. & N. R. Co., 87 Ky., 626.)

Judgment affirmed.