KENNETH McCAULEY *vs.* SPRINGFIELD STREET RAILWAY COMPANY.

Hampden.    September 28, 1897. — October 20, 1897.

Present: ALLEN, HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Personal Injuries — Due Care — Negligence — Assumption of Risk — Law and Fact.*

At the trial of an action for personal injuries occasioned to the plaintiff while in the defendant's employ as a conductor on one of its street cars, it appeared in evidence that, while the car passed in the evening under a low bridge, the trolley had to be disconnected from the wire and connected again when it emerged; that the car had a closed end, with a window, out of which it was difficult to lean to make the connection, and the plaintiff had stepped around to the outside, and was standing upon a bumper, when he was thrown off by a jolt; that the plaintiff knew that for several weeks the track had been uneven at this point, having been lifted two or three inches by the frost, although according to his testimony the jolt by which he was thrown off was more severe than usual, and that the weather was moist, and the speed of the car greater perhaps on that account.   The judge directed a verdict for the defendant.   *Held,* that the ruling was right.

TORT, for personal injuries occasioned to the plaintiff while in the defendant's employ by being thrown from the bumper of a street car in the evening of May 3, 1896, while he was adjusting the trolley pole to the wire overhead.   The declaration con-

tained four counts, one at common law and three under the employers' liability act, St. 1887, c. 270.

Trial in the Superior Court before *Dewey,* J., who, at the close of the evidence for the plaintiff, directed the jury, at the defendant's request, to return a verdict for the defendant; and the plaintiff alleged exceptions.

*J. B. Carroll,* (*W. H. McClintock* with him,) for the plaintiff.

*W. Hamilton,* (*W. H. Brooks* with him,) for the defendant.

HOLMES, J.   This is an action of tort for personal injuries, brought by a conductor on the defendant's road.   While his car passed under a low bridge the trolley had to be disconnected from the wire and connected again when it emerged.   The car had a closed end with a window, out of which it was difficult to lean to make the connection, and the plaintiff had stepped around to the outside and was standing upon a bumper of the car, when he was thrown off by a jolt.   For several weeks the track had been uneven at this point in consequence of the frost, having been lifted two or three inches.   This the plaintiff knew, although according to his testimony the jolt by which he was thrown off was more severe than usual.   The weather was moist, the speed of the car greater perhaps on that account, and as the plaintiff, who was an experienced man, also knew, other things being equal, the extent of the rocking or jolting motion depended on the speed.   At the trial, the presiding judge directed a verdict for the defendant, and the case is here on exceptions.

We are of opinion that the ruling was right.   The possibility of an occasional jolt is a thing which every one who gets upon a street car must be taken to contemplate.   The probability of one in this place the plaintiff specifically knew.   Knowing this, he put himself in a position manifestly attended by a serious risk of being thrown off if a jolt should come, when it was open to him to do his duty from a safe place.   We assume that he did not expect the motion or shock to be so great as it was, but, under the conditions which we have described, no one could tell exactly what it would be, and, however common the practice may have been, by exposing himself to it he took the chances of its turning out greater or less.

*Exceptions overruled.*