THE FARMER'S CO-OPERATIVE CREAMERY COMPANY, v. IOWA STATE INSURANCE COMPANY, Appellant.

Action on Policy: STATUTE OF LIMITATIONS: *Change in statute.* Plaintiff's property was insured under a policy providing that an action for loss must be brought within six months after the time of the fire. Code, 1897, provides that the time within which action may be brought shall not be limited to less than one year from the time cause of action arose, and no provision of the policy to the contrary shall be availing. A loss occurred before the Code went into effect, but the action was not brought thereon until afterwards, and until after the time limited by the policy. *Held,* that the Code did not affect the contract, since it does not fix a period of limitation affecting the remedy only, but undertakes to limit contract rights, which it cannot destroy if vested before it took effect, and therefore the action was barred.

*Appeal from Madison District Court.*—HON. A. W. WILKINSON, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION at law on a policy of fire insurance. The defendant, among other things, pleaded that the action was not brought within the time fixed by the policy. Trial to a jury, verdict for plaintiff, and defendant appeals.—*Reversed.*

*W. C. Miller* and *H. Scott Howell & Sons* for appellant.

·No appearance for appellee.

·DEEMER, J.—The policy in suit was issued by defend-
ant company July 13, 1897. By the terms of one of the by-
laws, that was expressly made a part of the instrument, it
was provided that "no suit or action against said company,
for the recovery of such loss or damage, shall be sustainable
in any court of law or chancery, unless such suit or action
shall be commenced within the term of six months next after
the date of the occurrence of the fire." Plaintiff's property
was destroyed by fire September 9, 1897; and this action
was brought August 30, 1898. Under prior decisions of this
·court, the time fixed in the contract within which suit should
be brought commenced to run, not from the date of the fire,
but from the time when the cause of action accrued. *Read
v. Insurance Co.,* 103 Iowa, 307, and cases cited; Code, sec-
tion 1744; and Acts Eighteenth General Assembly, chapter
211, section 3. The time when the cause of action accrued
was either 40 or 90 days after notice and proof of loss were
given, depending on which of the statutes referred to was in
force when this action was commenced. It will be noticed
that the fire occurred before the Code of 1897 went into
·effect, and that the action was brought several months after
that time. The Code provides that the time within which
action may be brought shall not be limited to less than one
year from the time when the cause of action arose, and that
no provision of the policy to the contrary should be availing.
There was no such statute prior to time the Code of 1897
went into effect. Prior to the adoption of that section, it was
lawful for the parties to create a contract limitation that
would be binding on the courts. *Moore v. Insurance Co.,*
72 Iowa, 415; *Harrison v. Insurance Co.,* 102 Iowa, 115.
Such a limitation is plainly distinguishable from one
created by statute, and courts with great unanimity have

so held. *Riddlesbarger v. Insurance Co.,* 7 Wall. 386 (19 L. Ed. 257); *Harrison v. Insurance Co., supra,* and cases cited. It has been said that it does not merely bar the remedy, but that it extinguishes the right. May, Insurance, section 432; *Williams v. Insurance Co.,* 20 Vt. 222; *Travelers' Ins. Co. v. California Ins. Co. of San Francisco,* 1 N. D. (45 N. W. Rep. 703, 8 L. R. A. 769). Statutes of limitations are, of course, enacted by the legislature, and pertain exclusively to the remedy, and, with some exceptions not necessary to be stated, may be changed by the legislature so as to affect existing contracts. Contract rights and obligations cannot, as a general rule, be changed by subsequent legislation. It is fundamental that the legislature cannot impair the obligations of a contract. These rules are well established, and the vital point in the case is this: Does a statute providing that conditions like the one in the policy in suit, limiting the time in which actions may be brought, shall be of no avail, relate to the remedy, or does it impair contract rights theretofore existing between the parties? If it affects the remedy simply, it is valid. But if it destroys valid contract rights, then it is of no avail, as applied to rights existing when that statute went into effect. We have attempted to show that by the uniform holding of the courts the contract relates, not simply to the remedy, but that it extinguishes rights. The statute does not attempt to fix a period of limitations. It undertakes to limit contract rights, and nothing more. The limitation statute is found in another provision of the Code. Parties may contract as before, provided the limitation fixed by them is not less than one year. These views are sustained by *Kimball v. Association,* 90 Me. 183 (38 Atl. Rep. 103), and *Sample v. Insurance Co.,* 46 S. C. 491 (24 S. E. Rep. 334, 47 L. R. A. 696), and have never been questioned, so far as we have been able to discover.

Statutes of limitation are for the greater part rules of evidence, providing, in favor of the repose and safety of

society, that a certain lapse of time shall give rise to a presumption of payment or grant; and, as the length of this period depends on the will of the legislature, it may be shortened or lengthened at pleasure, provided that, if shortened, the bar is not immediate, and a reasonable time remains in which to sue.  Contract limitations are based on the agreement of the parties, and not only affect the remedy, but the right.  Concede that the legislature has power to control this contract right, it cannot, by so doing, impair contracts already in existence, especially where, as in this case, the right has become vested by reason of the destruction of the property.  The statute in question does not in any sense relate to evidence.  It was, as we have said, evidently intended to place a limit on the right of contract, and, of course, cannot affect existing obligations.  From this view of the case, it follows that the statute cannot be made to operate retrospectively.  Indeed, a statute will not be so construed unless it clearly appears that this was the legislative intent.  *Starr v. City of Burlington,* 45 Iowa, 87.  If, then, it appears that to make it retroactive would destroy its operation, the presumption that it was to operate prospectively will the more readily be adopted; and the act will not be permitted to affect past transactions, unless such intention is clearly and unequivocally expressed.  If the statute related simply to the remedy, and was nothing more than a statute of repose, it would, of course, apply to actions commenced after its passage.  But that it was intended as a limitation on the power and right of contract is, we think, very clear, and that legislation impairing the obligations of contracts is invalid is equally clear.  See *McCracken v. Hayward,* 2 How. 608 (11 L. Ed. 397); *Gunn v. Barry,* 15 Wall. 610 (21 L. Ed. 212).  As the fire occurred, and the rights of the parties vested, before the Code of 1897 went into effect, the action should have been brought within the time fixed by the contract.  As it was not so brought, plaintiff had no right to recover, and the trial court should have so held.—REVERSED.