Missouri, Kansas & Texas Railway Company of Texas v. J. M. Hudgins.

Decided April 14, May 10, 1910.

**1.—Railways—Master and Servant—Contract—Notice of Claim for Damages.**

The amendment to article 3379, Revised Statutes, by Act of April 18, 1907, Laws Thirtieth Leg., p. 241, invalidating contracts by railway employes requiring notice of claim for damages, did not affect a contract made by the employe before such amendment took effect. The Act would be unconstitutional as applied to existing obligations.

**2.—Same—Contracts Limiting Liability.**

The Act of June 18, 1897, Revised Statutes, article 3379, before its amendment by the Act of April 18, 1907, prohibited contracts by an employe limiting the liability of a railway to its employes, and a contract requiring notice to be given by the employe of his claim for damages within ninety days from receiving an injury was a limitation of liability forbidden by such statute.

ON MOTION FOR REHEARING.

**3.—Same—Constitutional Law.**

The Act of June 18, 1907, Revised Statutes, article 3379, construed as invalidating contracts by a railway employe to give notice of his claim for damages by personal injury, is not unconstitutional as depriving the employer of liberty of contract or of property without due process of law (Const., art. I, sec. 19).

Appeal from the District Court of Hopkins County. Tried below before Hon. R. L. Porter.

*Templeton, Craddock, Crosby & Dinsmore (Coke, Miller & Coke,* of counsel), for appellant.—The Act of 1907 was not retroactive and did not apply to, control or affect the contract pleaded. Constitution, art. 1, sec. 16; Mellinger v. City of Houston, 68 Texas, 42; Rockwall County v. Kaufman County, 69 Texas, 172; State v. G., H. & S. A. Ry. Co., 100 Texas, 174.

The Act of 1897 as construed and applied is in contravention of section 16, art. 1, of the Constitution of the State. Constitution, art. 1, sec. 16; Mellinger v. City of Houston, 68 Texas, 43-47; State v. G., H. & S. A. Ry. Co., 100 Texas, 174.

Said Act, as so construed and applied by the court, is repugnant to and in contravention of section 10, article 1, of the Constitution of the United States. Mellinger v. City of Houston, 68 Texas, 42; Fletcher v. Peck, 6 Cranch, 87; Dartmouth College v. Woodward,

4 Wheat., 518; Edwards v. Kearzey, 96 U. S., 595; Chicago v. Sheldon, 9 Wall., 50; Louisiana v. New Orleans, 102 U. S., 203; McCracken v. Hayward, 2 How., 608; Lochner v. New York, 198 U. S., 45; Adair v. U. S., 208 U. S., 161; Allgeyer v. La., 165 U. S., 578; Sturges v. Crowninshield, 4 Wheat., 197; State v. Julow, 129 Mo., 163, 29 L. R. A., 257; Brennan v. United Hatters, 65 Atl., 165; People v. Marcus, 185 N. Y., 257.; Stephens v. So. Pac. Ry. Co., 100 Cal., 86, 29 L. R. A., 751.

*D. Thornton,* for appellee.—Article 3379, Revised Statutes, inhibited the character of contract pleaded by appellant. Rev. Stats., art. 3379; Missouri, K. & T. Ry. Co. v. Hanning, 41 S. W., 197; International & G. N. Ry. Co. v. Folts, 22 S. W., 541; Missouri Pac. Ry. Co. v. Harris, 2 S. W., 575-6-7; Rintoul v. New York C. & H. R. Co., 26 Fed., 791.

The statutory law as to said contract and as to appellant's rights thereunder was not retrospective nor an interference with preexisting contracts in contemplation of subdivision 1, section 10, article 1, of the Constitution of the United States, and not repugnant to and in contravention of section 16, article 1, of the Constitution of the State of Texas, no vested right having arisen prior to the passage and taking effect of the amended article of the statutes. Rev. Stats., art. 3379; section 1, page 241, General Laws of State of Texas, passed at the regular session of the Thirtieth Legislature; Mellinger v. City of Houston, 68 Texas, 45; Rockwall County v. Kaufman County, 69 Texas, 172-175.

WILLSON, CHIEF JUSTICE.—The appeal is from a judgment in favor of appellee against appellant for the sum of $250 as the damages for personal injuries suffered by him, while engaged in appellant's service as its employe, as the result of its negligence. The only questions made on the appeal grow out of the action of the trial court in sustaining exceptions to a part of appellant's answer, as follows:

"For further and special answer to said petition defendant says that the plaintiff entered its employment on or about the 17th day of June, 1907; that before and at the time he entered said employment he made an application for such employment which was partly written and partly printed and thereby and at the time the contract of employment was entered into between the plaintiff and the defendant the said plaintiff in consideration of his employment by the defendant entered into contract and agreement with the defendant whereby it was stipulated, contracted and agreed between the plaintiff and the defendant, among other things, as follows:

" 'I further agree that if, while in the service of the company, I sustain any personal injury, for which I shall or may make claim against the company for damages, I will within ninety days after receiving such injury, give notice in writing of such claim to the claim agent of said railway company, which notice shall state the time, place and particulars of the injuries, and the nature and extent thereof, and the claim made therefor, to the end that such

claim may be fully, fairly and promptly investigated, and my failure to give written notice of such claim in the manner, and within the time aforesaid, shall be a bar to the institution of any suit on account of such injuries.'

"The defendant says that the plaintiff remained in its employment for several months next succeeding the date of the alleged injury to him and that he did not within ninety days after receiving said alleged injuries, nor has he at any time, given any notice in writing of any claim for such injuries to the claim agent of said railway company or otherwise notified the said company of said alleged injuries or made any claim therefor save and only by the filing of this suit. The defendant says that at the time of said alleged injuries and ever since said time and for many years prior to said date H. G. Macaulay, who then and ever since then has resided in Dallas County, Texas, was the claim agent of defendant; that at the time of the alleged injuries the defendant has resided in Greenville, Hunt County, Texas, and has had for many years theretofore and has had constantly since said alleged injuries, an assistant claim agent, to wit: T. T. Herndon, and that the claim of plaintiff for said alleged injuries could readily and easily and without expense have been presented to said claim agent aforesaid or to the said assistant claim agent without cost or expense and this the defendant is ready to verify; wherefore it prays judgment."

*After stating the case as above.*—A determination of the question made by the assignment attacking as erroneous the action of the trial court in sustaining appellee's exceptions to the portion of appellant's answer copied in the foregoing statement will dispose of this appeal.

Article 3379, as amended by the Act April 18, 1907, which took effect July 12, 1907, is as follows: "No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void, and when any such notice is required, the same may be given to the nearest or to any other convenient local agent of the company requiring the same; *provided, that no stipulation in any contract between a person, corporation or receiver operating railroad or street railway or interurban railroad and an employe or servant requiring notice of a claim by an employe or servant for damages for injury received to the person, or by a husband, wife, father, mother, child or children of a deceased employe for his or her death, caused by negligence as a condition precedent to liability, shall ever be valid.* In any suit brought under this and the preceding article it shall be presumed that notice has been given, unless the want of notice is especially pleaded under oath." Gen. Laws 1907, p. 241. The amendment so made of said article of the statutes consisted of the insertion therein of the words italicised in the copy thereof set out above.

Section 1 of the Act June 18, 1897, declares "that every person,

receiver or corporation operating a railroad or street railway the line of which shall be situated in whole or in part in this State, shall be liable for all damages sustained by any servant or employe thereof while engaged in the work of operating the cars, locomotives or trains of such person, receiver or corporation, by reason of the negligence of any other servant or employe of such person, receiver or corporation, and the fact that such servants or employes were fellow servants with each other shall not impair or destroy such liability." Sections 2 and 4 of the Act define who among a railroad company's employes are vice-principals and who are fellow servants with each other. Section 4 is as follows: "No contract made between the employer and employe based upon the contingency of death or injury of the employe and limiting the liability of the employer under this Act or fixing damages to be recovered shall be valid or binding."

In his petition appellee alleged that about October 1, 1907, in the performance of his duty as an employe of appellant he assisted other employes of appellant in taking one of its locomotives to a water tank, and that after he reached said tank with said locomotive, and while he was standing upon the locomotive holding a spout connected with said tank and used to supply water from same to locomotives, appellant negligently caused one of its trains to collide with the locomotive, whereby he was injured as he complained of.

If the stipulation in the contract as set out in the answer was void by force either of said article 3379 as so amended or of said section 4 of the Act June 18, 1897, the court did not err in sustaining the exceptions.

The contract set up in the answer as a bar to appellee's right to maintain the suit having been entered into before the amendment as indicated of article 3379 took effect, it is insisted that to give force to said article as amended, in passing upon the question made by the exceptions, would be to violate provisions of the State and Federal Constitutions forbidding the making of retroactive laws and laws impairing the obligation of contracts. To this we agree, and therefore hold that said article of the statutes as amended should not be given any effect in passing upon the question made. Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 188; Farmers C. Creamery Co. v. Insurance Co., 112 Iowa, 608, 84 N. W., 904; Mumford v. Chicago, R. I. & P. Ry. Co., 128 Iowa, 685, 104 N. W., 1135.

We do not agree that section 4 of said Act of June 18, 1897, which was in force at the time the contract was alleged to have been entered into, was inapplicable to the case made by the pleadings. It sufficiently appeared from the allegations in the petition and said portion of the answer (1) that appellee at the time he was injured was an employe of appellant; (2) that he was then engaged in operating one of appellant's locomotives; (3) that while so engaged he was injured as the result of negligence on the part of other employes of appellant; and (4) that the contract set up as a bar to his suit was based upon the contingency of his injury while in the service of appellant. Said section 4 declared that "no contract made between the employer and employe based upon the contingency of death or injury of the employe and limiting the liability of the

employer under this Act . . . shall be valid or binding." By the terms of section 1 of the Act a liability of appellant, as an employer operating a railroad, was to pay appellee, its employe, all damages sustained by him while engaged in the work of operating a locomotive, by reason of the negligence of any other of its employes, without respect to whether such other employe was a fellow servant with appellee or not. Appellee's suit was to enforce this liability on the part of appellant. The portion of the answer excepted to set up as a bar to his right to enforce it the failure on his part to comply with the stipulation in the contract set out in the answer. In creating a liability on the part of appellant to appellee for an injury received by him as the result of negligence on the part of his fellow servant, the statute at the same time created as against appellant and in favor of appellee a right to enforce that liability within the time and in the mode provided by the general laws of the State. The liability created was an absolute one against the employer, and the right bestowed was an absolute one in favor of the employe. But such would not be the effect of the statute if force should be given to the stipulation in the contract. We would have, instead of an absolute right and an absolute liability, a conditional right and a conditional liability. The employer would be liable *if* the notice was given. The employe would have the right *if* he gave the notice. It is obvious, therefore, that to give effect to the contract would be to limit or restrict the operation of the statute. That the limitation so effected would be upon the substantive rights of the parties, seems to have been determined by the Supreme Court in Chicago, R. I. & P. Ry. Co. v. Thompson, 100 Texas, 188. In that case a stipulation in a contract, made in the Indian Territory, substantially like the one here invoked, was relied upon by the railroad company to defeat a recovery by its employe of damages for personal injuries suffered by him in Oklahoma Territory. The trial court refused to permit the company to prove the contract it relied upon and that it was valid under the laws of said territories. The Court of Civil Appeals was of the opinion that the stipulation in the contract affected the remedy only, that therefore the law of the forum controlled, and that the ruling of the trial court was justified by article 3379 of the Revised Statutes, hereinbefore referred to. But the Supreme Court was of the opinion that the stipulation acted upon the substantive rights of the parties, and therefore that the laws of Oklahoma controlled. Referring to the stipulation the Supreme Court said: "It fixes no time within which suit must be brought after notice has been given, leaving the plaintiff free to sue within the time allowed by law. But it attaches to the failure to give the notice the effect of 'a bar to the institution of any suit on account of such injuries.' The bar is not to arise from lapse of time merely, but from the failure to do that which the parties agreed on as essential to the right to have a determination by suit of the question of liability for the injury. Its effect, if enforced according to its terms, was either to prevent the accrual of liability, or to put an end to all further question of liability after the expiration of the time prescribed without notice. Whether it

had the effect first mentioned, as contended by plaintiff in error, or the latter, as contended by defendant in error, is wholly immaterial to the present inquiry. In either view it acts upon the substantive rights of the parties, and not upon the mere mode and time of their enforcement in the courts." And see Mumford v. Chicago, R. I. & P. Ry. Co., 104 N. W., 1138; Creamery Co. v. Ins. Co., 112 Iowa, 608. The effect of the stipulation in the contract pleaded in the answer being, as shown, to limit appellant's liability under said Act June 18, 1897, we think said stipulation was invalid, and therefore that the trial court did not err in sustaining the exceptions to said portion of the answer.

The judgment is affirmed.

### ON MOTION FOR REHEARING.

We adhere to the rulings made when the record was first before us, and overrule the contention made in the motion that section 4 of the Act June 18, 1897, as construed by us is in violation of the Fourteenth Amendment to the Federal Constitution and of section 19, article 1, of the State Constitution, in that, so construed, it operates to deprive appellant "of its liberty of contract and of its property without due process of law." The question made was considered by the Supreme Court of Iowa in Mumford v. Railway Co., 104 N. W., 1138 (cited in the opinion of this court), construing a statute containing similar provisions, and was determined adversely to the view of it taken by appellant. We agree with the conclusion reached by that court. And see O'Brien v. Chicago & N. W. Ry. Co., 116 Fed., 502; Missouri, K. & T. Ry. Co. v. Bailey, 115 S. W., 603; Missouri, K. & T. Ry. Co. v. Smith, 99 S. W., 743; Missouri P. Ry. Co. v. Mackey, 127 U. S., 205, 32 L. Ed., 107; Mexican Natl. Ry. Co. v. Jackson, 118 Fed., 552.

The motion for a rehearing is overruled.

*Affirmed.*

Writ of error refused.