BRUSH v. THE S., A. & D. R. Co.

1. **Common Carrier:** LIMITATION OF LIABILITY: SPECIAL CONTRACT. Where a contract for transportation limited the carrier's liability at common law, in consideration for which the shipper received special rates and a pass over the road, it was *held* that the contract was within the provisions of section 1308 of the Code, rendering such agreements void.

2. **Damages:** OFFER OF SETTLEMENT. An offer of settlement before the commencement of an action will not preclude the plaintiff from recovering a larger sum than that contemplated by his offer.

*Appeal from Linn Circuit Court.*

THURSDAY, JUNE 15.

IN May, 1873, plaintiff shipped five car loads of cattle and hogs upon defendants railroad to be transported to Chicago. He alleges, in his petition in this case, that they were so carelessly carried and with such great delay that injury was done the animals, whereby plaintiff suffered loss; for the recovery thereof this action is brought. There was a verdict and judgment for plaintiff. Defendant appeals.

*I. M. Preston & Son*, for appellant.

*J. B. Young*, for appellee.

BECK, J.—I. The contract for transportation under which the cattle and hogs were carried by defendant provides that 1. COMMON the shipper assumed all risk of injury or damage carrier: limitation of lia- arising from delay of trains or any other damage bility: special contract. the property might suffer, "except such as may result from collision of the train, or when cars are thrown from the track in course of transportation." The evidence tended to show that the train was greatly delayed and that the cattle and hogs were thrown from their feet and upon one another, by careless and improper operation of the train. The court directed the jury that under a statute in force in this State the contract would not operate to exempt defendant from the liability of a common carrier which would exist independent

of contract. This instruction is the first ground of complaint presented in defendant's argument.

Counsel insist that Code, § 1308, upon which the instruction is based, is not applicable to the contract in question for the reason that the property was shipped at special and reduced rates. The position is based upon the thought that the abatement from the usual rates and the furnishing of a "pass" to plaintiff, constituted a consideration for the contract limiting defendant's liability. This may be admitted. But the statute is not directed simply against contracts without consideration; it declares that all contracts, with or without consideration, limiting the common carrier's liability, are inoperative.

II. It is urged that the evidence does not support the verdict of the jury in the amount of damages assessed. It is said that there is no evidence to show the difference in weight, if there was any, between the stock when shipped and when received at Chicago. If such difference entered into the estimate of the damages, it does not so appear; neither does it appear that proof of such difference was required to enable the jury to determine the damages that plaintiff ought to recover. The verdict, we think, is sufficiently supported by the evidence.

III. The plaintiff proposed to settle his demand for damages for a sum less than the amount of the verdict and made 2. DAMAGES: out a claim against defendant therefor. The evidence, as we have said, sufficiently supports the offer of settlement. finding of the amount of the verdict. The proof shows no ground upon which plaintiff can be precluded from recovering a greater sum than that stated in his claim made to defendant.

IV. The defendant asked the court to rule out evidence offered to show that some of the hogs were killed, on the ground that there was no claim in the petition to recover therefor. But there is a claim for injury to the hogs. The killing of the animals amount to an injury to the property, and is therefore sufficiently covered by the petition. No other questions are discussed in the argument of counsel.

AFFIRMED.