C. S. LUCAS v. THE BURLINGTON CEDAR RAPIDS & NORTH-ERN RAILWAY COMPANY, Appellant.

**Carrier's Liability:** LIMITATION BY CONTRACT. *Fraud of shipper.* As the limitation, in a contract of shipment of a horse, of the carrier's liability to $100, the "released value of the horse" named in the contract, renders the contract void, under Code, section 2074, providing no contract shall exempt a railway from liability of a common carrier which would exist had no contract been made, fraud of the shipper in making representations to secure a cheaper rate of freight will not prevent his proving the full value of the horse.

*Appeal from Johnson District Court.*—HON. M. J. WADE, Judge.

SATURDAY, DECEMBER 22, 1900.

ACTION to recover for injuries to a horse shipped over the defendant's road. There was a trial to a jury, and a ver-

dict for the plaintiff for $2,500.  On a motion for a new trial, the court required the plaintiff to remit $700 of this amount or submit thereto.  The plaintiff filed a remittitur, but excepted to the order.  Judgment was thereupon rendered for the plaintiff for $1,800.  Both parties appeal.— *Affirmed.*

*A. E. Swisher* and *S. K. Tracy* for appellant.

*Ranck & Bradley* and *O. A. Byington* for appellee.

SHERWIN, J.—The horse alleged to have been injured is a pacing stallion, "Larry Ginter" by name.  He was shipped from Iowa City, Iowa, to Cedar Rapids, Iowa, over the defendant's road, and injured while in the car in the yards at the latter place.  When presented for shipment, the plaintiff was asked by the defendant's agent whether it was a "horse or a stallion."  He answered that it "was a horse,—a common horse."  The rate for shipping stallions was higher than for geldings or mares, and in its answer the defendant pleaded false and fraudulent representation by the plaintiff as to the sex and value of the horse, for the purpose of securing a cheaper rate of freight.  The court below instructed the jury to disregard this defense.  The defendant challenges the instruction, and contends that the plaintiff is limited in his recovery to the amount of $100, which was the "released value of the horse" named in the contract of shipment.  The instruction was correct.  Under section 2074 of the Code, the contract was void. *Brush v. Railroad Co.*, 43 Iowa, 554; *McCune v. Railway Co.*, 52 Iowa, 602; *Davis v. Railway Co.*, 83 Iowa, 744. Nor could any representations which the plaintiff might make, however false or fraudulent, give it vitality.  If fraud was practiced by the plaintiff to secure a cheaper rate of freight, the defendant would not be bound by the rate given, but a void contract procured thereby could by no possible means lessen its liability.

The appellant urges that the judgment is excessive, and the plaintiff urges that the court should have given him judgment for the amount found by the jury. We are not disposed to disturb the action of the court in this matter. There is evidence tending to support the verdict, but the value of property of this kind is not well fixed. It depends very largely upon the fancy of individuals, and is to a certain extent speculative. It is true, as stated by the appellant, the stallion has an "elongated pedigree;" but whether "it made him sag to carry it," and was the cause of his "nervousness and unreliability," and whether his legs were puffed on account thereof, as suggested by appellant, were questions peculiarly for the jury, and not for this court. The pedigree was in evidence, and we understand the jury personally visited this son of illustrious sires and dams. This being so, we should not interfere with the finding that he was injured. The criticism of the other instructions given by the court is without merit. When read as a whole, the jury could not have misunderstood them. The instructions asked by the defendant were properly refused. The judgment is affirmed on both appeals.—AFFIRMED.