---

H. G. MᶜMɪʟʟᴀɴ, Appellees, v. Aᴍᴇʀɪᴄᴀɴ Exᴘʀᴇss Coᴍ-
PANY, Appellant.

**Carriers:** ᴀssɪɢɴᴍᴇɴᴛ ᴏꜰ ᴇʀʀᴏʀ. An assignment must specifically
1   point out the error complained of or it will not be considered.

**Evidence:** ᴄᴜsᴛᴏᴍ: ʟɪᴍɪᴛᴀᴛɪᴏɴ ᴏꜰ ʟɪᴀʙɪʟɪᴛʏ. Evidence of the
2   general custom of the carrier in issuing contracts for transporting livestock is inadmissible to impose a limitation of liability where no such contract was issued.

**Law of Another State:** ᴘʀᴇsᴜᴍᴘᴛɪᴏɴ. The law of the place where
3   a contract was made by which it must be construed will, in the absence of a contrary showing, be presumed to be the same as of this state.

*Appeal from Lyon District Court.*—Hon. J. F. Oliver, Judge.

Tuesday, February 23, 1904.

Action at law to recover the value of a cow injured, as is claimed by the plaintiff, while being transported from Waldron, in the state of Indiana, to Rock Rapids, in this state. The defendant denied all negligence on its part, pleaded a contract of shipment limiting the time for the bringing of action, and fixing the value of the animal at $100, and further pleaded that whatever injury the cow received was due to causes arising from the condition of the animal and to her own conduct while being transported. The reply pleads a waiver of the condition in the contract as to .the time for bringing suit and some other matters not necessary to be noticed. The case was tried to a jury, resulting in a verdict and judgment for plaintiff, and defendant *appeals.*

*Lyon & Lyon* and *E. Y. Greenleaf* for appellant.

*Parsons & Rinaker* for appellee.

Deemer, C. J.—With the exception of the first, the assignments of error are all omnibus in character, and fail to point out the exact error complained of. Section 4136 of the

1. Assignment of error.

Code provides that "no question shall be considered by the Supreme Court unless pointed out by an assignment of error, which * * * must clearly and specifically indicate the very error complained of, and, among several points made in * * * motion, instructions or rulings, the one, or those relied upon, must be separately stated." We have so many times construed this section that it is useless to cite all the cases where it has been involved. They will be found in the annotations to the Code and in the supplement of 1902. But see *Huss v. R. R.,* 113 Iowa, 343;

*Fitch v. R. R.*, 116 Iowa, 716; *Faivre v. Manderchied*, 117 Iowa, 724; *Nordine v. Rosengreen*, (Iowa), 89 N. W. Rep. 103 (not officially reported).

The one assignment which is sufficient challenges a ruling made in the introduction of evidence. It seems that plaintiff purchased the cow from one Beraner, who, it appears, was the agent of the defendant company at Waldron, Ind., the place where the animal was delivered for shipment. As agent both for the express company and of the plaintiff, he undertook to enter into a contract between them for the carriage of the animal by the defendant company. Some question was made as to his authority to act for both parties. Defendant to make out one of the issues tendered by it relating to limitation of liability by contract, produced a witness who it appears was an agent of the defendant at the Central Station of the Illinois Central Railway Depot in Chicago, Ill., and asked him this question: "I want to ask you what is the custom of the company in issuing contracts for the transportation of live stock?" This was objected to as immaterial, and the objection was sustained. We do not find that this matter is argued in appellant's brief, but, if it had been, there was no error in the ruling. It is not competent by proof of usage or custom to impose a limitation of liability not provided for in the contract of shipment itself. Nor will a general custom or usage on the part of the carrier to issue bills of lading containing stipulations limiting liability be sufficient to show that in a particular case in which no such contract was executed the shipper is bound thereby. This is familiar doctrine. See *Ills. Central Co. v. Smyser*, 38 Ill. 354 (87 Am. Dec. 301); *McMillan v. Mich. So. R. R.*, 16 Mich. 79 (93 Am. Dec. 208); *Farmers' Bank v. Champlain*, 18 Vt. 131. Moreover, even if the ruling was erroneous, it was without prejudice, for under our decisions the limitations found in the bill of lading actually issued in this case were void. *Lucas v. R. R.*, 112 Iowa, 594; *Grieve v. R. R.*, 104 Iowa, 659; *Solan v. R. R.*, 95 Iowa, 260. The law of Indiana, the

2  EVIDENCE: custom: limitation of liability.

place where the contract was made, by which it must be in-
terpreted, in the absence of proof to the con-
trary, is presumed to be the same as our own.
So that in no event was there any prejudice
in the ruling. The law on this subject relating to railway
companies is applicable to express companies. See Code,
section 2165.

3. LAW of
another
state; pre-
sumption.

It is possible that one of the assignments relating to mis-
conduct of plaintiff's attorney in arguing the case to the jury
is also sufficient. Treating it as such for the purpose of the
case, we do not think there was such misconduct as to jus-
tify a reversal. Almost the exact point here made was de-
cided adversely to appellant in *Wimber v. Iowa Central R.
R. Co.,* 114 Iowa, 551.

None of the many other questions argued by appellant
can be considered, for the reason that they are not properly
presented by a sufficient assignment of error.

There being no prejudicial error of which defendant may
justly complain, the judgment must be and it is AFFIRMED.