[No. 1937]

NEIL McLEAN ᴀɴᴅ C. M. KOONTZ, Cᴏᴘᴀʀᴛɴᴇʀs, Aᴘᴘᴇʟʟᴀɴᴛs, v. D. MACKENZIE COMPANY, ᴀ Cᴏʀᴘᴏʀᴀᴛɪᴏɴ, Rᴇsᴘᴏɴᴅᴇɴᴛ.

1. Cᴏᴍᴘʀᴏᴍɪsᴇ ᴀɴᴅ Sᴇᴛᴛʟᴇᴍᴇɴᴛ — Oғғᴇʀ ᴛᴏ Aᴄᴄᴇᴘᴛ Lᴇss Aᴍᴏᴜɴᴛ—Aᴄᴄᴇᴘᴛᴀɴᴄᴇ—Nᴇᴄᴇssɪᴛʏ.
    Where a storage company, after repeated fruitless demands for the total amount due and upon being pressed for cash, made an unaccepted offer to accept a less amount in settlement, it was not estopped thereby from maintaining an action for the full amount.

Aᴘᴘᴇᴀʟ from the Seventh Judicial District Court of the State of Nevada, Esmeralda County; *Peter J. Somers,* Judge.

Action by Neil McLean and another against D. Mackenzie & Co., a corporation. From a judgment for plaintiffs for less than the amount claimed, plaintiffs appeal. **Judgment set aside** and new trial granted.

The facts sufficiently appear in the opinion.

*W. H. Bryant* and *Chester L. Lyman,* for Appellants.

*Thompson, Morehouse & Thompson,* for Respondent.

By the Court, Sᴡᴇᴇɴᴇʏ, C. J.:

This is an action to recover for unloading and storing certain property of the respondent by the appellants, and for accrued interest alleged to be due thereon. The record discloses that a judgment was awarded to the appellants in the sum of about one-fourth of the amount sued for, and in a sum equal to an amount of a bill presented to defendant by the plaintiffs, some time prior to the bringing of this action.

It is one of the contentions of the appellants that the trial court awarded the judgment in the amount allowed upon the theory that plaintiffs were estopped from claiming a greater amount after once presenting a bill for an amount certain. The record discloses quite conclusively that the plaintiffs, who were seriously pressed for cash

during the depressed season following the panic of 1907, after repeated demands for the total amount alleged to be due, which claims were held in abeyance and unpaid, in order to get a cash settlement, presented a bill for the amount of the judgment awarded in the present case, but that this, too, was refused payment. Under the conditions which the bill was presented, we do not consider the plaintiffs were estopped from pleading a greater and different amount in full for their services rendered, for the reason it appears that it was submitted as a cash proposition which was not accepted by the defendant. The circumstances under which the said bill was presented for the amount stated was subject to explanation, and this testimony admissible.

Reviewing the entire transcript, we believe the court erred in arbitrarily rendering judgment for the amount of the bill specified, and believing that it had a controlling influence on the court, under this mistaken theory of the law in arriving at the judgment awarded, whereas, it should not have received such a controlling consideration, if any at all, in so far as estopping the plaintiffs from pleading their case, we believe the judgment rendered should be set aside and a new trial granted to plaintiffs to the end that the trial court, uninfluenced by the bill presented, may find what is legally due to plaintiffs and render a judgment accordingly.

The Supreme Courts of Iowa and Pennsylvania have succinctly stated the law covering this principle in the following cases: "An offer of settlement before the commencement of an action will not preclude the plaintiff from recovering a larger sum than that contemplated by his offer." (*Brush* v. *S. A. & D. R. Co.*, 43 Iowa, 554.)

"A promise made by a creditor to accept less than the full amount of his demand is not enforceable unless there be some new consideration to support it." (*In re Maurer*, 1 Woodw. Dec. (Pa.) 268.)

For the reasons given, the judgment rendered will be set aside, and a new trial granted.